UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Richard Berger,

              Plaintiff,

   -against-

Enhanced Recovery Company, LLC,

             Defendant.
-------------------------------------------------------X

Civil Action No.:_____

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

**13 CV 3983**

JUDGE BRICCETTI

Plaintiff ("Plaintiff" or "Berger"), by and through his attorneys, FREDRICK SCHULMAN & ASSOCIATES, as and for his Complaint against the Defendant Enhanced Recovery Company, LLC ("Defendant" or "Enhanced Recovery"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action seeking damages and declaratory relief arising from the Defendant's violation(s) of §1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA").

2. The FDCPA is a strict liability statute, which provides for actual and/or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." Clomon v. Jackson, 988 F2d 1314 (2d Cir. 1993).

1

## PARTIES

3. Plaintiff is a resident of the State of New York, County of Rockland, residing at 3 Krashes Court, Airmont, NY 10952. At all relevant times herein, Plaintiff maintained his residence at this address.

4. Upon information and belief, Defendant is a corporation incorporated under the laws of the State of Florida and authorized to conduct business in the State of New York. Upon further information and belief, Defendant is engaged in the business of debt collection of debts incurred, and alleged to be incurred, for personal, family or household purposes, and is a collection firm with its principal place of business at 8014 Bayberry Rd, Jacksonville, FL 32256, and, upon information and belief, is licensed to do business in the State of New York.

5. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

6. Upon information and belief and at all relevant times, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA. Indeed, upon information and belief, on a website maintained by the Defendant at the URL address of https://www.erccollections.com/co_info.htm/, Defendant informs visitors to the site "All ERC employees are extensively trained on the FDCPA." Presumably, Defendant holds itself out as an entity that provides such training to its employees because it is aware that it is subject to the requirements of the FDCPA.

7. Accordingly, it is clear that Defendant holds itself out as an entity engaged in the business of being a "debt collector" and is subject to the FDCPA.

8. Upon information and belief, Defendant was attempting to collect an alleged debt (hereinafter referred to as the" Alleged Debt") from Plaintiff and, on information and belief, the

Alleged Debt arose out of a transaction in which money, services, or property, which was the subject of the transaction was primarily used for family, personal, and/or household purposes. As such, the Alleged Debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5) of the FDCPA.

9. Beginning on or about July 2012 and continuing thereafter, Defendant attempted to contact Plaintiff via telephone and engaged in at least one instance of a "communication" as that term is defined in 15 U.S.C. §1692a(2).

## JURISDICTION AND VENUE

10. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. §§1692 *et. seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

11. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

12. Declaratory relief is available pursuant to 28 U.S.C. §§2201, 2202.

## GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

14. Plaintiff allegedly incurred a consumer debt for a nominal sum to Sprint. Upon information and belief, the nature of the underlying debt allegedly owed by the Plaintiff is the type of debt the FDCPA was designed to regulate.

15. Beginning in or around July 2012, Defendant commenced collection activity against Plaintiff to recover a debt Defendant believed the Plaintiff was obligated to pay (referred to

hereinafter as the "Alleged Debt"). Upon information and belief, the Alleged Debt was in default at the time Defendant commenced collection activity.

16. Throughout the month of July 2012, Defendant initiated calls to the Plaintiff at his residence to the phone number (845) 49x-1xx5.

17. On at least one occasion, Plaintiff was entertaining a visit from a relative, his brother-in-law Magid Behboudnia, when a call came into his home.

18. Defendant elected to leave a message on Plaintiff's answering machine and this time it was overheard by a third-party.

19. The content of the message to the Plaintiff contained a statement that "this is an attempt to collect a debt" thereby disclosing to a third – party information regarding a debt. Thus, the nature of the call directly related to the collection of a debt.

20. The foregoing action by Defendant violated 15 U.S.C. §1692c(b), which prohibits, inter alia, communicating with anyone except the consumer in attempting to collect a debt without the prior written consent of the consumer given directly to the collector.

## FIRST CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692c(b)

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. At no point in time prior to July 2012 telephonic messages did Plaintiff provide Defendant with consent to communicate with anyone other than the Plaintiff concerning the Alleged Debt.

23.     Defendant, upon not able to speak with Plaintiff directly, elected to leave a uniform, pre-recorded and standardized message which was then heard by a third-party present in Plaintiff's home at the time of the call.

24.     The recording unequivocally revealed that Defendant was calling Plaintiff for a purpose related to the collection of a debt.

25.     As the Court in Foti v. NCO Financial Systems, Inc. 424 F. Supp, 2d 643 (2006) held "just because a debt collection is permitted to continue to attempt to collect the debt does not entitle the collector to use *any* means, even if those means are the most economical or efficient" citing Clomon v. Jackson, 988 F 2d 1314, 1321 (2d Cir. 1993).

26.     The Defendant's conduct violated 15 U.S.C. §1692c(b) in that the Defendant indirectly communicated to a third-party that the Plaintiff owed a debt and insofar as the message conveyed information regarding a debt both directly and indirectly using telephonic means.

27.     As a result of the Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, all costs and reasonable attorneys' fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

28.     Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Richard Berger demands judgment from the Defendant Enhanced Recovery Company, LLC, as follows:

A.  For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B.  For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A);

C.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D.  For a declaration that the Defendants' practices violated the FDCPA; and,

E.  For any such other relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
       June 10, 2013

Respectfully submitted,

By: *Fredrick Schulman* (signature)

Fredrick Schulman, Esq. (FS-2664)
FREDRICK SCHULMAN & ASSOCIATES
Attorneys at Law
Attorneys for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053
info@fschulmanlaw.com